IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-01884-MSK-MJW

JAY ROOF, individually and on behalf of all other similar situated,

    Plaintiff,

v.

MEDTRONIC, INC.,

    Defendant.

---

**ORDER REGARDING
(1) PLAINTIFF'S MOTION FOR STAY OF PRETRIAL PROCEEDING PENDING REFERENCE TO THE PANEL FOR MULTI-DISTRICT LITIGATION (DOCKET NO. 12) AND
(2) DEFENDANT'S MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT THEREOF (DOCKET NO. 11)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on the Plaintiff's Motion for Stay of Pretrial Proceeding Pending Reference to the Panel for Multi-District Litigation (docket no. 12) and Defendant's Motion for Protective Order Staying Discovery and Memorandum of Law in Support Thereof (docket no. 11).  The court has reviewed both motions and the responses thereto.  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

It is undisputed that Defendant Medtronic, Inc., is defending up to at least fifty lawsuits alleging the same claims as in the case before this court.  Each of these

2

lawsuits involve either implantable cardioverter defibrillators or cardiac resynchronization therapy defibrillators manufactured by Defendant Medtronic, Inc. These other lawsuits are filed in other federal district courts across the United States. Certain of these Plaintiffs in the other lawsuits have filed motions seeking transfer, coordination, and consolidation of these lawsuits pursuant to 28 U.S.C. § 1407 ("Motion to Transfer"). Defendant Medtronic, Inc., has opposed the transfer. A hearing on the Plaintiffs' Motion to Transfer was held on November 17, 2005, before the Multidistrict Litigation Panel ("MDL"), but no decision has been entered by the MDL Panel as of the date of this order to this court's knowledge. Moreover, currently pending before this court are two dispositive motions. They are the Defendant Medtronic, Inc.'s Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) (docket no. 8) and Defendant Medtronic, Inc.'s Motion for Summary Judgment (docket no. 9).

Plaintiff argues that this case should be stayed in its entirely until such time as the MDL Panel has ruled on the transfer. Plaintiff argues that judicial economy will be preserved by staying all pretrial proceedings including rulings on the outstanding dispositive motions. Moreover, Plaintiff argues that allowing this court to rule on the outstanding dispositive motions while the decision is pending as to whether this case should be transferred may result in many different rulings by the transferor courts on issues that involve common questions of law and fact as to all fifty-plus cases and thus would defeat the purpose of multi-district litigation.

Defendant Medtronic, Inc., argues that this court should issue a protective order staying discovery pending ruling by this court on the two pending dispositive motions

3

(i.e., docket nos. 8 and 9 outlined above). Defendant Medtronic, Inc., further argues that factual discovery, in this case, is completely unnecessary in order for this court to rule on the two pending dispositive motions. In addition, Defendant Medtronic, Inc., argues that the Plaintiff's claims, in this case, are all state law claims, that such state law claims are preempted as a matter of federal law, and that no discovery is thus necessary for this court to determine this legal issue. See Flibotte v. Pennsylvania Truck Lines, Inc., 131 F.3d 21, 25 (1st Cir. 1997); National Bank of Commerce v. Dow Chem. Co., 165 F.3d 602, 607 (8th Cir. 1999).

The decision to stay a case is within the discretion of the trial court. Cole v. Ruidoso Mun. Schs., 43 F.3d 1373 (10th Cir. 1994). The court concludes that judicial economy will be served by staying discovery and by staying ruling on the two pending motions (docket no. 8 and 9) until such time as the MDL Panel has ruled on the transfer issue. Furthermore, this court concludes that regardless of the ruling by the MDL Panel as to whether to transfer this case, either this court or the transferee court will have to rule on the two pending dispositive motions (docket nos. 8 and 9 outlined above), and, therefore, legal briefing on those two motions should go forward since this court finds that no discovery is necessary in order for either court to rule on these two pending dispositive motions (docket nos. 8 and 9 outlined above).

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS:**

    1.    That Plaintiff's Motion for Stay of Pretrial Proceeding Pending

4

Reference to the Panel for Multi-District Litigation (docket no. 12) is **GRANTED** as follows. Discovery is **STAYED** until further Order of Court. Rulings on the two pending dispositive motions (docket nos. 8 and 9 outlined above) are **STAYED** until further Order of Court. The Plaintiff shall file his response to both pending dispositive motions (docket nos. 8 and 9 outlined above) on or before December 23, 2005. The Defendant Medtronic, Inc., shall file any replies to both pending motions (docket nos. 8 and 9 outlined above) on or before January 6, 2006

2. That Defendant's Motion for Protective Order Staying Discovery and Memorandum of Law in Support Thereof (docket no. 11) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** insofar as staying discovery until further Order of Court. The remainder of the motion is **DENIED.**

3. That each party shall pay their own attorney fees and costs for both of motions.

Done this 5th day of December 2005.

                                                BY THE COURT

                                                <u>s/Michael J. Watanabe</u>
                                                Michael J. Watanabe
                                                U.S. Magistrate Judge